IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE HAMPTON COMPANY
NATIONAL SURETY, LLC; et al.                                                          PLAINTIFFS

vs.                                                                                 No. 2:06CV6-D-A

TUNICA COUNTY, MISSISSIPPI; et al.                                                    DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiffs are bail bondsmen located in Tunica County. In February of 2005, the Defendant Calvin Hamp, the Sheriff of Tunica County (who has been sued in his individual capacity in this action), suspended the Plaintiffs' bond writing privileges. He did so based on a report he received from the Circuit Court of Tunica County that the Plaintiffs were in arrears on three bonds. The Plaintiffs' Mississippi state license to engage in bond writing was not revoked; rather, only their ability to write bonds in Tunica County was curtailed pending resolution of the three arrearages. Currently, the Plaintiffs other than James Dean have had their bond writing privileges in Tunica County restored because the subject arrearages have been satisfied.

On January 23, 2006, the Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 against Tunica County and against Calvin Hamp, in his individual capacity, claiming that the Defendants' actions deprived the Plaintiffs of their constitutional rights under the Due Process Clause of the Fourteenth Amendment, under the Equal Protection Clause of the Fourteenth Amendment, and under the First Amendment to the United States Constitution. The Plaintiffs seek compensatory damages,

attorney's fees and costs, and punitive damages. The Defendants have now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### B. *Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Public officials, including Sheriffs, are shielded from liability for civil damages as long as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis v. Scherer, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); Sappington v. Ulrich, 868 F. Supp. 194, 198 (E.D. Tex. 1994).

In ruling on a defendant's claim of qualified immunity, a court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 230, 111 S.Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L. Ed. 2d 589 (1991); Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990).

Local governments, such as Tunica County, may be sued for constitutional deprivations visited pursuant to governmental policy or custom even though such a policy or custom has not received formal approval through the body's official decision-making channels. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); see Grabowski v. Jackson County Public Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996) (*en banc*) (holding that municipalities may be held liable for acts which violated a citizen's constitutional rights if the alleged harmful actions resulted from a policy, custom, or practice that evinced objective deliberate indifference to the citizen's constitutional rights).

This "policy or custom" may also be created by those whose "edicts or acts" may fairly be said to represent official policy. Monell, 436 U.S. at 694. But, only those municipal officials who have "final policymaking authority" may, by their edicts or acts, subject the government to §1983 liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298-99, 89 L. Ed.

2d 452 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

*C. Discussion*

The Plaintiffs have sued both Tunica County and Sheriff Calvin Hamp in his individual capacity.

1. The Plaintiffs' Claims against Calvin Hamp

Public officials, including County Sheriffs, are shielded from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis, 468 U.S. at 194; Harlow v. Fitzgerald, 457 U.S. at 818; White v. Walker, 950 F.2d 972, 975 (5th Cir. 1991).

In ruling on a defendant's claim of qualified immunity, the court first must determine whether a plaintiff has alleged the violation of a clearly established constitutional right. Siegert, 500 U.S. at 230. Then, if the plaintiff meets that burden, the court must determine whether the defendant's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter, 502 U.S. at 227; see Pfannstiel, 918 F.2d at 1183 (5th Cir. 1990) (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

The Plaintiffs assert claims against Sheriff Hamp for suspending the Plaintiffs' bond writing privileges in Tunica County.

As the Fifth Circuit has noted, however, and the Plaintiffs (in their response to the Defendants' motion for summary judgment) do not dispute, a bail bondsman has no property interest in writing bonds within a particular county in Mississippi. Baldwin v. Daniels, 250 F.3d 943, 946-47

(5th Cir. 2001). On this basis, the Plaintiffs' claims for due process and equal protection violations fail, both for their failure to allege a violation of a clearly established constitutional right and because Sheriff Hamp's actions in suspending their bond-writing privileges, given the admitted lack of a property interest by the Plaintiffs, were not objectively unreasonable. Baldwin, 250 F.3d at 946-47; Rocha v. Texas Alcoholic Beverage Comm'n, 38 F.3d 570 (5th Cir. 1994); Reynolds v. Strayhorn, No. A-05-CA-638 LY, 2006 WL 3487014, at *3 (W.D. Tex. Dec. 1, 2006). As for the Plaintiffs' First Amendment claim, the Plaintiffs' assertions simply fail to demonstrate that, given the circumstances that faced Sheriff Hamp concerning the Plaintiffs' subject arrearages and the fact that Hamp also suspended the privileges of numerous African-American and Caucasian bail bondsmen for the same offense at the same time, Sheriff Hamp's actions were objectively unreasonable. Accordingly, the court finds that the Plaintiffs' claims asserted against Hamp fail to satisfy both the first prong of the qualified immunity test because the Plaintiffs have failed to allege the violation of a clearly established constitutional right, as well as the second prong of the test, assuming *arguendo* that the first step was met, because Hamp's actions were not objectively reasonable.

As such, the court finds that the Plaintiffs have failed to meet their burden and that Hamp is entitled to a grant of qualified immunity as to all of the Plaintiffs' pending claims. All pending claims against him in his individual capacity shall be dismissed.

2. The Plaintiffs' Claims against Tunica County

The Plaintiffs also assert the same claims against Tunica County. In order to advance their claims, the Plaintiffs must demonstrate that they suffered a constitutional deprivation, that the deprivation occurred pursuant to a custom or policy of the County, and that there is a direct causal link between the custom or policy and the deprivation. See, e.g., Monell, 436 U.S. at 691.

Because the court ruled, as to the Plaintiffs' due process and equal protection claims against Calvin Hamp in his individual capacity, that the Plaintiffs did not adequately allege the violation of a constitutional right, their claims for these violations against Tunica County necessarily fail on the same grounds because the Plaintiffs cannot demonstrate that they have suffered a constitutional deprivation, much less that any such deprivation occurred pursuant to a custom or policy of the County, or due to the acts or edicts of Sheriff Hamp. The Plaintiffs' First Amendment claim against the County fails because the Plaintiffs have not identified any policy of the County, including the edicts or acts of Sheriff Hamp, that led to a Constitutional deprivation because several other bail bondsmen (including African-Americans) lost their bond-writing privileges at the same time for the same infraction (arrearages), thus negating any potential direct causal link between the subject acts and the alleged Constitutional deprivation.

Finally, as for the Plaintiffs' claim for punitive damages against Tunica County, it is well established that local governments are immune from punitive damages in actions brought pursuant to 42 U.S.C. §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981). As such, the court finds that no genuine issue of material fact exists as to the Plaintiffs' claim for punitive damages and Tunica County is entitled to judgment as a matter of law on that claim as well.

### D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted. The Plaintiffs' claims are dismissed because the Defendants have shown that there are no genuine issues of material

fact and they are entitled to judgment as a matter of law on all of the Plaintiffs' claims.

A separate order in accordance with this opinion shall issue this day.

This the 1st day of October, 2007.

/s/ Glen H. Davidson
Senior Judge